Lottie M. Henderson v. Commissioner.
Henderson v. Commissioner
Docket No. 39180.
United States Tax Court
1953 Tax Ct. Memo LEXIS 219; 12 T.C.M. (CCH) 643; T.C.M. (RIA) 53200; June 8, 1953
*219 Lottie M. Henderson, 1317 Adriatic Avenue, Atlantic City, N.J., pro se. John J. Hopkins, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $99 in income tax for the year 1949. The sole issue is whether petitioner is entitled to a credit against net income because of the dependency of one of her daughters, within the meaning of section 25 (b) (1) (D), Internal Revenue Code. Findings of Fact Petitioner is an individual residing in Atlantic City, New Jersey. She filed a Federal income tax return for the year in controversy with the collector for the first district of New Jersey. During the year 1949, petitioner was married to Willie Henderson, but was estranged and living apart from him. Their two daughters resided with her. Petitioner's residence was a 21-room house in which petitioner's husband had some degree of ownership. Six rooms of this house were rented to tenants. Petitioner and her husband filed separate tax returns for the year in controversy. Petitioner took a dependency credit for her younger daughter. Petitioner's husband contributed $317 directly *220 to petitioner and $120 indirectly, via a Probation officer, during the year in controversy. Not more than $145.67 of these sums is allocable to the support of the younger daughter. $54.03 in cash was given directly to the younger daughter by petitioner's husband. Checks totaling $53.50 were paid on her behalf or to her, directly, by petitioner's husband. Of various bills totaling $866.59 which were paid by the husband during the year in controversy, not more than $235.59 was allocable to the support or benefit of the younger daughter. Petitioner's husband paid $121.61 in city taxes and $26.17 in mortgage interest during the year in controversy, not more than $49.26 of which was allocable to the support of his younger daughter. Petitioner paid not less than $700 toward the support of her younger daughter during the year in controversy, including the cost of maintaining her at a summer camp, food and allowance. Not more than $145.67 of this amount was derived from contributions of petitioner's husband. Petitioner's husband received the $30 per month rental for the rented portion of the house during the period in controversy. Combined monthly payments covering mortgage principal, *221 interest and city taxes totaled $30 per month. Petitioner's younger daughter attended school for 32 weeks of the year in controversy, and attended a camp during the summer months. The total cost of supporting petitioner's daughter during the year in controversy was $1,092.38. Of this total, petitioner's husband contributed $538.05 and petitioner contributed $554.33. Petitioner contributed more than one-half the cost of the support of her younger daughter during the year in controversy. Opinion As in other similar cases, the amount of disputed tax is small, the evidence confused and to some extent contradictory, and the figures involved difficult to determine with precision. In our findings we have made determinations as to these details which seem to us as nearly accurate as possible from the record. The conclusion of fact embodied in our ultimate finding is that petitioner has sustained her burden of showing that more than one-half of the support of her younger daughter was paid by her. She makes no claim for her elder daughter as a dependent, although both were claimed and allowed as dependents of petitioner's husband. On brief, respondent implies [1] that petitioner has *222 failed to show the amount of the child's earnings. Internal Revenue Code Section 25 (b) (1) (D). Petitioner, who, although not an attorney represented herself, was not apprised at or before the hearing of any necessity for this showing. We take notice of the facts that the child was of school age, spent 32 weeks in school and attended a camp in the summer. If, under these circumstances, respondent had information indicating that more than $500 was earned by the daughter we think it was incumbent upon him at least to suggest it. Enough has been shown by petitioner under the circumstances to shift the burden of going forward in this respect to respondent. Decision will be entered for the petitioner. Footnotes
1. But he regards "the real issue presented here" as "whether the father or the mother supplied more than 50% of the support of Joan [the younger daughter] during 1949."↩